**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Benjamin Nelson Holmes, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:05-2953-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| ———————————————— | ) | |

On October 17, 2005, pursuant to 28 U.S.C. §2255, the petitioner commenced this <u>pro se</u> action to vacate, set aside, or correct his conviction and sentence.  On March 2, 2006, the government moved for summary judgment.  On March 3, 2006, the Court issued a <u>Roseboro</u> order advising the petitioner of summary judgment dismissal procedure.  On April 6, 2006, the petitioner filed his opposition to the government's motion for summary judgment.  This matter is now before the Court for disposition.

On January 17, 2001, a grand jury charged the petitioner in a two-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(12) and 924(a).  The petitioner proceeded to trial where a jury found him guilty of both counts.  On October 29, 2002, the Court sentenced the petitioner to 260 months confinement followed by 5 years of supervised release.  On October 31, 2002, the petitioner filed a notice of appeal.  On November 20, 2002, judgment was entered.  On August 16, 2004, the Fourth Circuit Court of Appeals affirmed the Court's judgment.  *See* <u>United States v. Holmes</u>, 376 F.3d 270 (4th Cir. 2004).

In his §2255 motion the petitioner claims the following grounds of error: (1) trial counsel

was ineffective; (2) the Court improperly sentenced him in violation of <u>Booker</u>; and (3) appellate counsel was ineffective.

Ineffective Assistance of Trial Counsel

The petitioner alleges that his trial counsel was ineffective because: (1) he failed to show that the petitioner's previous convictions did not constitute prior convictions for purposes of the Armed Career Criminal Act; (2) he stipulated previous convictions; and (3) he failed to request that the Court bifurcate trial to first determine the nature of the petitioner's previous convictions.

In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland v.Washington</u>, 466 U.S. 668, 689 (1984). The <u>Strickland</u> Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

<u>Strickland</u>, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. <u>Id.</u> at 687-88. <u>Strickland</u> also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." <u>Id.</u> at 689.

In addition to establishing that counsel was deficient, the petitioner must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

Armed Career Criminal Act

The petitioner alleges that his prior convictions did not qualify for sentencing enhancement purposes pursuant to the Armed Career Criminal Act. The Act enhances the sentence of those who have at least three previous convictions for violent felonies or serious drug offenses. Once the government establishes the fact of a prior conviction, the defendant must show that the conviction sought to be used as a prior conviction is subject to collateral challenge. Custis v. United States, 511 U.S. 485, 496 (1994). The Armed Career Criminal sentencing enhancement was properly applied in this case due to the petitioner's prior state convictions for burglary and escape.

Paragraph 27 of the petitioner's pre-sentence report states that on June 2, 1990, the petitioner committed burglary and grand larceny. The petitioner broke into a building at night and took merchandise and money. The state records show that the petitioner pled guilty. According to the pre-sentence report, the petitioner was represented by counsel and sentenced under the Youthful Offender Act to an indeterminate period not to exceed 6 years. His sentence was suspended to time served and two years probation.

The petitioner claims that he was not represented by counsel during state sentencing and that he did not waive his right to an attorney. When a petitioner challenges a prior conviction on

this basis, he bears a difficult burden of proving that the conviction was invalid.  <u>United States v.</u>
<u>Jones</u>, 977 F.2d 105, 108-11 (4th Cir. 1992).  The petitioner relies upon South Carolina Assistant
Attorney General Daniel Grigg's response to his petition for post-conviction relief.  In this
response, Mr. Grigg stated that the petitioner's counsel Mr. Hilliard withdrew from
representation due to a conflict of interest.  In an affidavit, Mr. Grigg states that his response was
an error, which an amended filing has since corrected.  The South Carolina General Sessions
docket sheet shows that Mr. Hilliard represented the petitioner during sentencing.  In an
affidavit, Mr. Hilliard states that he has no independent recollection of representing the petitioner
in 1991.  However, based on his records, he believes that he represented the petitioner during
sentencing.  The record keeper for the Solicitor's Office in Georgetown County has stated in an
affidavit that based on her research, Mr. Hilliard had no conflict of interest when the petitioner
was sentenced.  In addition, Judge Edward B. Cottingham has stated in an affidavit that he has
never taken a guilty plea unless trial counsel represented the defendant or the defendant waived
his right to counsel after being informed of his right to counsel.  The petitioner has not
demonstrated that his prior guilty plea in state court was obtained in the absence of counsel.
<u>United States v. Hondo</u>, 366 F.3d 363, 366 (4th Cir. 2004).  The petitioner has not shown
prejudice and is not entitled to relief on this claim.

The petitioner argues that because he was sentenced under the Youthful Offender Act, his
conviction should not be considered a "violent felony" for sentencing purposes under the Armed
Career Criminal Act.  The fact that the petitioner was sentenced as a youth has no bearing on the
nature of the conviction.  <u>United States v. Wilson</u>, 60 Fed. Appx. 445, 445 (4th Cir. 2003).  The
conviction still retains its status as a "violent felony."  <u>Id</u>.  The petitioner has not shown

prejudice and is not entitled to relief on this claim.

The petitioner claims that the burglary offense did not qualify as a prior conviction under Shepard v. United States because the indictment did not indicate whether the petitioner burglarized a structure, vehicle, aircraft, or watercraft.  Shepard v. United States, 544 U.S. 13 (2005).  The petitioner's argument is without merit.  First, it is unlikely that trial counsel was ineffective for failing to raise a case that was decided three years after the petitioner was sentenced.  *See* Honeycutt v. Mahoney, 698 F.2d 213, 217 (4th Cir. 1983) (holding that trial counsel was not ineffective for failing to make objections based on Supreme Court decisions that were not rendered at the time of trial).  Second, the Court made no Shepard error.  Burglary as a violent felony in the Armed Career Criminal Act is "generic burglary" or an "unlawful or unprivileged entry into, or remaining in, a building or structure with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990).  Because some states, such as South Carolina, include entry to boats or cars within their burglary definition, the Supreme Court limited a court's inquiry for enhancement purposes to the charging document, the terms of the a plea agreement, the transcript of colloquy between the judge and the defendant, and to other comparable judicial records of this information.  Shepard v. United States, 544 U.S. at 17, 26.

For burglary purposes, South Carolina defines "building" as "any structure, vehicle, aircraft, or watercraft" where any person lives or where people assemble.  S.C. Code Ann. §16-11-310.  The petitioner argues that this definition of building renders the indictment unconstitutionally vague because it is unclear whether the petitioner burglarized a structure, vehicle, aircraft, or watercraft.  The indictment states that the petitioner broke into a building and removed cash registers and merchandise.  The record shows that this building was a store.  The

petitioner has not shown that he broke into a vehicle, aircraft, or watercraft or that his conviction is subject to collateral challenge.  The petitioner has not shown prejudice and is not entitled to relief on this claim.

Paragraph 28 of the petitioner's pre-sentence report states that on November 13, 1991, the petitioner escaped from Georgetown County Jail and fled to Florida where he was arrested. Records show that after serving thirty days in jail for other charges, the petitioner was extradited to South Carolina. The petitioner was represented by counsel.  The petitioner pled guilty, and the court sentenced him to three years in prison.

The petitioner claims that escape does not qualify as a prior conviction for sentencing purposes pursuant to the Armed Career Criminal Act.  In United States v. Pressley, the Fourth Circuit Court of Appeals held that escape did not qualify as a prior conviction because when Pressley was convicted in 1992, if one was captured in South Carolina, escape was a misdemeanor under South Carolina law punishable by not more than two years. *See* United States v. Pressley, 359 F.3d 347, 351 (2004)(S.C. Code Ann. §24-13-410).  However, at the time of the petitioner's arrest, if an escapee was captured outside of South Carolina, the offense was a misdemeanor punishable by three years imprisonment.  The Armed Career Criminal Act defines a violent felony as any crime punishable by more than one year of imprisonment.  18 U.S.C. §924 (e)(2)(B).  Therefore, the petitioner's escape conviction qualifies as a prior conviction.  The petitioner has not shown prejudice and is not entitled to relief on this claim.

Paragraph 29 of the petitioner's pre-sentence report states that on November 9, 1992, the petitioner broke into a department store in Whiteville, NC, with intent to commit a felony therein.  While incarcerated for this offense, he escaped and was recaptured.  Records show that

the petitioner was represented by counsel and sentenced to eight years in prison for both offenses.

The petitioner claims that he was permitted to own a gun five years after his release for the North Carolina burglary and escape.  The petitioner claims that his civil rights were therefore restored, and consequently the burglary and escape do not qualify as felonies.  The petitioner relies on a certificate that shows he was conditionally released on October 29, 1993.  The certificate states that the petitioner shall not own, possess, receive, buy, or otherwise acquire a firearm.

The Armed Career Criminal Act provides that any conviction for which civil rights have been restored shall not be considered a conviction for enhancement purposes unless the restoration expressly provides that the person may not ship, transport, possess, or receive firearms.  18 U.S.C. §921(a)(20).  For sentencing purposes, federal courts apply the law in effect on the date of release and not the law in effect on the date of the offense or conviction.  United States v. O'Neal, 180 F.3d 115, 120 (4th Cir. 1999).  Under North Carolina law at the time of his release, the petitioner would have been permitted to possess a firearm five years later on October 29, 1998.  N.C.G.S.A. §14-415.1.  On December 1, 1995, North Carolina retroactively amended this law to prohibit convicted felons from possessing a firearm except in their homes.  Id.  In 2004, North Carolina retroactively amended its statute so that convicted felons could not possess firearms at all.  The Fourth Circuit Court of Appeals has held that state convictions prior to the retroactive amendments of North Carolina law can qualify as prior convictions for sentencing purposes pursuant to the Armed Career Criminal Act.  United States v. Farrow, 364 F.3d 551 (2004).  The petitioner fails to show prejudice, and he is not entitled to relief on this claim.

Page 7 of  10

Paragraph 30 of the pre-sentence report states that on November 9, 1992, the petitioner broke into a car dealership in South Carolina and stole an automobile. The petitioner traveled to Whiteville, North Carolina, where he committed the department store burglary set forth in Paragraph 29. Records show that after waiving his right to counsel, the petitioner pled guilty to burglary of the dealership and grand larceny of the automobile. The petitioner claims that he did not waive his right to counsel. The sentencing transcript shows that the petitioner's claim was made both knowingly and voluntarily. United States v. DeFusco, 949 F.2d 114, 117, 120 (4th Cir. 1991). The petitioner fails to show prejudice, and he is not entitled to relief on this claim.

The petitioner argues that the burglary in Whiteville, North Carolina, set forth in paragraph 29 is related to the burglary of the car dealership set forth in paragraph 30 and that these burglaries should count as only one prior conviction. In United States v. James, the Fourth Circuit Court of Appeals held that two burglaries though committed across the street on the same day were separate offenses for sentencing purposes pursuant to the Armed Career Criminal Act because the first burglary was completed before the second began, and both burglaries involved different victims. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). In this case, the petitioner committed burglaries in separate states. The petitioner completed the car dealership burglary before he began the department store burglary. Both burglaries involved different victims. The petitioner fails to show prejudice, and he is not entitled to relief on this claim.

Stipulated Previous Convictions

The petitioner claims that his trial counsel was ineffective because he stipulated to the petitioner's previous convictions set forth in Paragraphs 27 through 30 of the pre-sentencing report. After a thorough review of the petitioner's pre-sentencing report and portions of the state

Page 8 of 10

judicial records, it is clear that these previous convictions qualified as violent felonies pursuant to the Armed Career Criminal Act. The petitioner fails to show prejudice, and he is not entitled to relief on this claim.

Failure to Request a Bifurcated Trial

The petitioner states that his counsel should have requested a bifurcated trial so that the jury could determine whether his previous convictions qualified as violent felonies for sentencing purposes pursuant to the Armed Career Criminal Act. Bifurcating a trial is within the discretion of the trial court. *See* Murray v. Frye, 178 F.3d 1284 (4th Cir. 1999). The petitioner pled guilty in state court to these prior convictions, and he cannot re-litigate these cases at the federal level. The petitioner has not shown prejudice, and he is not entitled to relief on this claim.

Booker

The petitioner claims that his sentence violates United States v. Booker, 543 U.S. 220 (2005). The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 225. Subsequent to the decision in Booker, the Fourth Circuit ruled that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. The petitioner's case has run its course, and his conviction and sentence became final in 2004 "before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id. This § 2255 action is an attempt to collaterally attack his final conviction and sentence. Booker, therefore, is inapplicable

to this case.  The petitioner has not shown prejudice, and he is not entitled to relief on this claim.

Ineffective Assistance of Appellate Counsel

The petitioner claims that his appellate counsel was ineffective for failing to raise the foregoing issues.  In order to establish an ineffective assistance of appellate counsel claim, the petitioner must demonstrate that his counsel was objectively unreasonable in failing to identify and argue the issues and a reasonable probability that the petitioner would have prevailed on appeal absent appellate counsel's unreasonable failure.  Smith v. Robbins, 528 U.S. 259, 285 (2000).  All of the petitioner's foregoing claims are without merit.  The petitioner has failed to demonstrate that his counsel was objectively unreasonable in failing to identify and argue the issues.  The petitioner has not shown a reasonable probability that the petitioner would have prevailed on appeal.  Therefore, the petitioner is not entitled to relief on this claim.

The Court determines that the Armed Career Criminal sentencing enhancement was properly applied to the petitioner.  The petitioner was not improperly sentenced under Booker. Trial and appellate counsel's failure to object to or appeal theses issues does not constitute ineffective assistance of counsel.  The Court hereby grants the government's motion for summary judgment and denies the petitioner's motion for summary judgment.  All remaining motions are rendered moot.

**AND IT IS SO ORDERED**.


C. Weston Houck
_____

August 22, 2006                    **C. WESTON HOUCK**
Charleston, South Carolina         **UNITED STATES DISTRICT JUDGE**