**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Benjamin Nelson Holmes, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:05-2953-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On October 17, 2005, the petitioner commenced this pro se action pursuant to 28 U.S.C. § 2255 attacking his conviction and sentence. On August 22, 2006, the Court granted the government's motion for summary judgment. On September 6, 2006, the petitioner filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and appealed from the Court's August 22, 2006 order to the Fourth Circuit Court of Appeals.

In interpreting Rule 59(e), the Fourth Circuit Court of Appeals has recognized only "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). In this case, the petitioner's motion for reconsideration merely states the petitioner's disagreement with the Court's previous ruling.

In his motion, the petitioner attempts to re-litigate his claims. The Fourth Circuit Court of Appeals has held that district courts must determine whether a motion for reconsideration pursuant to Rule 59(e) or a motion for relief from an order pursuant to Rule 60 should be treated as a successive collateral review application. United States v. Winestock, 340 F.3d 200, 203 (4th

Cir. 2003). Failure to examine this motion as a successive motion for postconviction relief would allow the petitioner to evade the bar against relitigation of claims presented in a prior application. Id. at 206. "Review of successive applications is available only in limited circumstances." Id. at 203. As amended, the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255 bars successive applications unless they contain claims relying on:

> (1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 ¶ 8. In this case, the petitioner does not make any claims relying on newly discovered evidence or a new rule of constitutional law that has been made retroactively applicable to cases on collateral review. The petitioner simply realleges the claims that he raised in his petition, which he filed on October 17, 2005. The petitioner's motion is successive, and this Court lacks jurisdiction to consider the petitioner's motion.

The Court dismisses the petition without prejudice to allow the petitioner to seek permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255.

**AND IT IS SO ORDERED**.

February 12, 2007  
Charleston, South Carolina

*C. Weston Houck*  
**C. WESTON HOUCK**  
**UNITED STATES DISTRICT JUDGE**